**Donna C. CUPIT, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–01–01130–CR.**

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 21, 2003.

Rehearing Overruled Oct. 2, 2003.

Discretionary Review Refused March 3, 2004.

Leora Teicher Kahn, Attorney at Law, Houston, TX, for Appellant.

Carmen Castillo Mitchell, Assistant District Attorney, Charles A. Rosenthal, Jr., District Attorney–Harris County, Calvin Hartmann, Assistant District Attorney, and William J. Delmore, III, Chief Prosecutor, Appellate Division, Houston, TX, for Appellee.

Panel consists of Justices HEDGES, KEYES, and DUGGAN.*

## OPINION

LEE DUGGAN, JR., Justice (Retired).

Appellant, Donna C. Cupit, was charged by indictment with a single felony offense of theft in an amount greater than $20,000 but less than $100,000,[1] to which she pleaded not guilty. The jury found appellant guilty, found an allegation of a prior felony conviction for possession of cocaine to be true, and assessed her punishment at 20 years' imprisonment and a $10,000 fine.

In seven points of error, appellant asserts that (1) the evidence was legally and factually insufficient to sustain the conviction; (2) the sentence was statutorily un-

---

* The Honorable Lee Duggan, Jr., retired Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. TEX. PEN.CODE ANN. § 31.03(e)(5) (Vernon 2003).

authorized and constitutes cruel and unusual punishment; and (3) she was denied effective assistance of counsel. We affirm.

## Background

The complainant, Erline Sellers, testified that on January 31, 2001, she was approached by appellant while in the Wal Mart parking lot. Appellant told Sellers her name was "Amanda." Appellant told Sellers that some Mexicans in an old truck dropped a package of money that appellant was holding, and when she tried to give it back to them, they spit on her. When Sellers suggested that appellant take the package to Wal–Mart security, appellant stated that she already had done that and they refused to help because it was private property. It was cold outside, so Sellers invited appellant to sit in her car.

Appellant then began telling Sellers her hard-luck story. Appellant told Sellers that her parents had recently divorced, her father left her mother with nothing, and her mother was very ill and needed appellant's help. Additionally, appellant told Sellers that she was a courier for a Wells Fargo Bank branch located in the Randall's Flagship grocery store at the corner of Bissonnet and Gessner. When appellant stated that she needed to return to the bank, Sellers offered to drive her there. After appellant phoned her boss and obtained his permission to accept a ride, Sellers drove appellant to Randall's. Appellant told Sellers to wait while she went to ask her boss, "Walter Green," what to do with the money. Appellant then returned to Sellers' car and told Sellers excitedly that there was $100,000 in bearer bonds and another $69,000 cash in the package. Appellant stated that her boss had called the authorities and that the authorities had said they could split the money three ways amongst appellant, Sellers, and Green, but that they would have to each pay $14,722 in taxes on the money. When Sellers asked why the taxes could not be paid by using the money in the package, appellant stated that her boss had told her that it was drug money and the taxes had to be paid with "clean" money.

After Green corroborated appellant's story, Sellers dropped appellant off across the street from her bank per appellant's instruction; Sellers then drove to the bank and wrote a check for "cash" for $14,722. Upon obtaining the cash, Sellers gave the money to appellant and the two of them drove back to Randall's. Appellant said she would take the money to Green, and went into the store. Shortly thereafter, appellant came back to Sellers' car, telling Sellers that she could not obtain enough money to cover her portion of the taxes. Sellers agreed to help appellant by loaning her $8,000 for part of appellant's portion of the taxes. Sellers then drove back to her bank, wrote a second check to "cash" for $8,000, and gave appellant the money. Sellers drove appellant back to Randall's, where appellant said she was taking the money to Green. After appellant went into the store, Sellers waited in her car for about 30 minutes, but appellant never returned.

Sellers then went inside Randall's and asked to see the manager, whom she identified as Walter Green. The manager of the bank informed Sellers that there was no manager named Walter Green and no courier named Amanda. At that point, Sellers realized she had been scammed. Sellers went home and called the police. Officer Andrea Burke initially responded and took Sellers' statement. Officer Carol Calabro, an investigator with swindler cases, came to Sellers' home several days later and showed her various photographs. Sellers positively identified appellant in the photographs as the person who stole

her money. Sellers testified that appellant unlawfully appropriated $22,722 without her effective consent.

### Sufficiency of the Evidence

In her first and second issues, appellant contends that the evidence was legally and factually insufficient to support a conviction for theft in an amount greater than $20,000.00. Specifically, appellant argues that the indictment did not specify a "continuing course of conduct," as required to aggregate amounts. Appellant argues that the evidence presented constituted two separate and distinct offenses and that, because the indictment alleged one theft and not aggregated theft, the evidence is insufficient to support a conviction of theft of property of the value of $20,000 or more and under $100,000.

### *Standard of Review*

■ A legal sufficiency challenge requires us to determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Johnson v. State*, 23 S.W.3d 1, 11 (Tex.Crim.App.2000); *Howley v. State*, 943 S.W.2d 152, 155 (Tex.App.-Houston [1st Dist.] 1997, no pet.).

■ Under the factual sufficiency standard, we ask "whether a neutral review of all of the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the jury's determination, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof." *King v. State*, 29 S.W.3d 556, 563 (Tex.Crim.App. 2000). We will reverse the fact finder's determination only if a manifest injustice has occurred. *Id.* In conducting this analysis, we may disagree with the jury's determination, even if probative evidence

supports the verdict, but we must avoid substituting our judgment for that of the fact finder. *Id.* The jury are exclusive judges of the facts, the credibility of the witnesses, and the weight to be given their testimony and may believe or disbelieve all or any part of a witness's testimony. *Penagraph v. State*, 623 S.W.2d 341, 343 (Tex.Crim.App.1981).

### *The Nature of the Offense*

Appellant was indicted for a single theft. The indictment alleged, in pertinent part, that on or about February 5, 2001, appellant:

> unlawfully, appropriate[d], by acquiring and otherwise exercising control over property, namely, cash money owned by Erline Sellers, of the value of over twenty thousand dollars and under one hundred thousand dollars, with the intent to deprive the Complainant of the property.

Appellant contends that the State presented evidence of two separate thefts at trial, not a single theft, but did not choose which offense to submit to the jury and did not allege aggregated theft. The State argues that the theft was a single offense that was finalized when appellant left Sellers for the last time; thus, there was no error in the indictment.

■ Theft is a single offense, not a continuing offense. *See Barnes v. State*, 824 S.W.2d 560, 562 (Tex.Crim.App.1991), *overruled on other grounds, Proctor v. State*, 967 S.W.2d 840 (Tex.Crim.App. 1998). Appellant was convicted of a single theft, based on section 31.03 of the Penal Code, which provides in pertinent part as follows:

> (a) A person commits an offense if he unlawfully appropriates property with intent to deprive the owner of property.

(b) Appropriation of property is unlawful if:

(1) it is without the owner's effective consent.

TEX. PEN.CODE ANN. §§ 31.03(a), (b)(1) (Vernon 2003).

 When a defendant has committed multiple thefts over a period of time, the State may choose to aggregate the thefts pursuant to section 31.09 of the Penal Code, which provides:

When amounts are obtained in violation of this chapter pursuant to one scheme or continuing course of conduct, whether from the same or several sources, the conduct may be considered as one offense and the amounts aggregated in determining the grade of the offense.

TEX. PENAL CODE ANN. § 31.09 (Vernon 2003). If the State chooses to indict a defendant based on section 31.09, the indictment must include language to the effect that the State is aggregating the amounts pursuant to a continuing scheme or course of conduct. *See Thomason v. State,* 892 S.W.2d 8, 11 (Tex.Crim.App. 1994). This language is considered an element of the offense. *Id.* When it is omitted, it is reversible error. *Id.* Thus, if appellant were correct in classifying the offense as two thefts that should have been aggregated, we would sustain her sufficiency challenge because the indictment here did not include the required language. Instead, we reject her argument because we conclude the offense was a single theft.

In those cases in which Texas courts have addressed indictments for aggregated theft, the continuing course of conduct has occurred over prolonged periods of time—weeks, months, even years—and often involve multiple complainants. *See, e.g., Turner v. State,* 636 S.W.2d 189, 196 (Tex. Crim.App.1980); *Thomason,* 892 S.W.2d at 10. Here, the scheme took approximately three hours to complete and involved only one complainant.

A recently issued opinion from the Court of Criminal Appeals supports the State's argument that this was a single offense. In *Lopez v. State,* 108 S.W.3d 293 (Tex.Crim.App., 2003), the court addressed the question of whether the State could obtain more than one conviction for delivery of a controlled substance when the offer to sell occurred in the morning and the actual delivery occurred in the evening. The court held that the offer to sell and the possession of drugs to complete that sale was a single offense. *Id.* op. at 300. The court based its holding on the ground that the steps in this single drug transaction were all "the result of the original impulse." *Id.* op. at 300 (citing *Blockburger v. United States,* 284 U.S. 299, 303, 52 S.Ct. 180, 182, 76 L.Ed. 306 (1932)). Likewise, we conclude that appellant committed a series of steps, all of which were the result of her original impulse to swindle money from the complainant, that constituted a single offense.

Accordingly, we hold that the evidence was legally and factually sufficient to sustain appellant's conviction for a single theft.

We overrule appellant's first and second points of error.

## Statutory Authorization of Sentence

In her third point of error, appellant complains that the sentence of 20 years is statutorily unauthorized. Appellant was charged and convicted with the offense of theft of property, namely, cash money owned by Erline Sellers, of the value of over $20,000 and under $100,000, a third degree felony. *See* TEX. PEN.CODE ANN. § 31.03(a), (e)(5) (Vernon 2003). The indictment contained an enhancement paragraph alleging appellant's prior conviction of a felony. If it is shown on the trial of a

third-degree felony that the defendant has been previously convicted of a felony, on conviction, she shall be punished for a second-degree felony. *See id.* § 12.42(a)(3) (Vernon 2003). The punishment range for a second-degree felony is imprisonment for two to 20 years and a fine not to exceed $10,000. *Id.* § 12.33 (Vernon 2003). The jury found the enhancement paragraph to be true and assessed punishment at confinement for 20 years and a fine of $10,000.

▆ Appellant relies on *State v. Mancuso,* 919 S.W.2d 86 (Tex.Crim.App.1996), to argue that her punishment should not have been enhanced. This is not correct. Appellant accurately notes that section 12.42(e) of the Penal Code prohibits the use of a prior state jail felony conviction for enhancement purposes under subsections (b), (c), or (d). *Id.* § 12.42(e). The State, however, did not proceed under subsection (b), (c), or (d); rather, it enhanced appellant's punishment pursuant to subsection (a)(3), which permits enhancement of a third-degree felony to a second-degree felony if the defendant has been once before convicted of a felony. *Id.* § 12.42(a)(3) (Vernon 2003).

We hold that appellant's sentence was authorized by statute.

We overrule appellant's third point of error.

### Constitutionality of the Sentence

In her fourth and fifth points of error, appellant complains that the sentence imposed is excessive and that it constitutes cruel and unusual punishment in violation of the Eighth[2] and Fourteenth[3] Amendments and the Texas Constitution.[4]

Appellant's arguments were based on her incorrect premise that the sentence was not statutorily authorized. Because we have held that it was, these arguments are moot.

We overrule appellant's fourth and fifth points of error.

### Ineffective Assistance of Counsel

In her sixth and seventh points of error, appellant asserts that she was denied effective assistance of counsel in violation of the Sixth Amendment[5] and the Texas Constitution.[6] Appellant contends that counsel was ineffective for (1) failing to request at the close of the State's case that the State elect upon which theft offense it would proceed; (2) failing to recognize that absent the statutory Texas Penal Code Section 31.09 "continuing course or scheme" language in the indictment, that any aggregation of the value of property subject to the accusation of theft was impermissible and that appellant was at most, guilty of a state jail felony theft offense only; (3) failing to object to the use of a state jail felony offense to enhance appellant's punishment; and (4) failing to object to the sentence. Based on our disposition of the previous points of error, we hold that this argument is also without merit. Counsel did not need to request an election of the charge or challenge the indictment, and was not ineffective for failing to do so.

We overrule appellant's sixth and seventh points of error.

We affirm the trial court's judgment.

---

**2.** U.S. Const. amend. VIII.

**3.** U.S. Const. amend. XIV.

**4.** Tex. Const. art. I, § 13.

**5.** U.S. Const. amend. VI.

**6.** Tex. Const. art. I, § 10.