Opinion issued April 8, 2004



     












In The
Court of Appeals
For The
First District of Texas




NO. 01-02-01148-CR




MUMTAZ NOOR, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 182nd District Court
Harris County, Texas
Trial Court Cause No. 872281




MEMORANDUM OPINION

          A jury found appellant, Mumtaz Noor, guilty of aggregated theft of more than
$100,000 but less than $200,000 and assessed punishment at confinement for seven
years. On appeal, appellant contends the evidence was legally and factually
insufficient to convict him of aggregated theft because it failed to show that (1)
appellant appropriated money pursuant to one scheme or continuing course of
conduct, or (2) the individual thefts constituted one crime. 
          We affirm.
FACTS
          Between April 29, 2000 and January 19, 2001, Mohammeed Asif Bawani,
Sadru Noor Din, Tanveer Nasir Moosa, and Rahim Ali, complainants, were separately
introduced through third parties to appellant. Appellant engaged in individual
business negotiations with each of the four complainants, offering to sell them
groceries and merchandise acquired from a grocery store that was closing down. 
Appellant agreed to sell the goods at a discount if payment was made in cash.
          After complainants accepted appellant’s offer, appellant arranged for each
complainant to meet him in front of a predetermined hotel or shopping center to
complete the transaction. At the given location, appellant met with the individual
complainant, received the specified amount of money, and asked the complainant to
wait while he retrieved the merchandise. With each complainant, appellant walked
into the hotel or shopping center with complainant’s money and never returned. 
          The transactions consisted of individual transferred amounts of $27,000,
$30,000, $27,000 and $27,000, respectively. Each complainant reported the thefts
to the police, provided a statement, and identified appellant from a police photo
spread. 
SUFFICIENCY OF EVIDENCE 
          Appellant contends that the evidence was legally and factually insufficient to
convict him of aggravated theft because it failed to show that (1) he appropriated
money over $100,000 pursuant to one scheme or continuing course of conduct or (2)
the individual thefts constituted one crime. 
A. Standard of Review
          A legal sufficiency challenge requires us to determine whether, after viewing
the evidence in light most favorable to the verdict, any rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt. Johnson v.
State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Howley v. State, 943 S.W.2d 152, 155
(Tex. App.––Houston [1st Dist.] 1997, no pet.). We note that, as the exclusive judges
of the facts, the credibility of the witnesses, and the weight to be given to their
testimony, the jury may believe or disbelieve all or any part of a witness’s testimony. 
Penagraph v. State, 623 S.W.2d 341, 343 (Tex. Crim. App. 1981) (stating that “a jury
is entitled to accept one version of the facts and reject another or reject any of a
witness’s testimony”).
          In a factual sufficiency review, we examine all of the evidence neutrally and
ask whether proof of guilt is so obviously weak as to undermine confidence in the
jury’s determination or so greatly outweighed by contrary proof as to indicate that a
manifest injustice has occurred. See Zuliani v. State, 97 S.W.3d 589, 593-94 (Tex.
Crim. App. 2003); King v. State, 29 S.W.3d 556, 563 (Tex. Crim. App. 2000). We
must avoid substituting our judgment for that of the fact finder. King, 29 S.W.3d at
563. The fact finder is the sole judge of the weight and credibility of witness’s
testimony. Johnson, 23 S.W.3d at 7. In our review, we must consider the most
important evidence that the appellant claims undermines the jury’s verdict. Sims v.
State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
B. Aggregated Theft
          Theft is defined as the appropriation of property, including money, with the
intent to deprive the owner of the property and without the owner’s effective consent. 
Tex. Penal Code Ann. § 31.03(a), (b)(1) (Vernon Supp. 2004). Consent is not
effective if induced by deception. Tex. Penal Code Ann. § 31.01(3)(A) (Vernon
Supp. 2004); Ellis v. State, 877 S.W.2d 380, 382 (Tex. App.––Houston [1st Dist.]
1994, writ ref’d). Deception can be creating a false impression or promising
performance that is likely to affect the judgment of another in the transaction and that
the actor does not intend to perform or knows will not be performed. Tex. Penal
Code Ann. § 31.01(1)(A), (E). 
          When the State shows that a defendant has committed multiple thefts over a
period of time, the thefts may be considered one crime for punishment purposes if the
State can also show that they were committed pursuant to one scheme or continuing
course of conduct. Tex. Penal Code Ann. § 31.09 (Vernon 2003); Cupit v. State,
122 S.W.3d 243, 247 (Tex. App.—Houston [1st Dist.] 2003, pet. ref’d). Specifically,
section 31.09 provides as follows:
When amounts are obtained in violation of this chapter pursuant to one
scheme or continuing course of conduct, whether from the same or
several sources, the conduct may be considered as one offense and the
amounts aggregated in determining the grade of the offense.

 Tex. Penal Code Ann. § 31.09. When section 31.09 is applicable, the aggregated
theft is a single offense, with each individual theft constituting an element of the
single offense of aggregated theft. Dickens v. State, 981 S.W.2d 186, 188 (Tex. Crim.
App. 1998). 
C.       One Scheme or Continuing Course of Conduct 
          In his first point of error, appellant contends that section 31.09 did not apply
to the thefts for which he was convicted because the evidence was legally and
factually insufficient to show that the thefts were committed pursuant to a continuing
course of conduct. Appellant’s argument relies upon an assertion that the phrase
“continuing course of conduct” should be interpreted to allow aggregation of only
those thefts “that are in effect one crime that take place over a period of time.”
However, appellant cites no authority for such a restrictive interpretation; nor do we
find any. 
 
           When interpreting a statute, we construe words and phrases according to the
rules of grammar and common usage unless they have acquired a technical or
particular meaning. Tex. Gov’t Code Ann. § 311.011(Vernon 1998); Ex parte
Ruthart, 980 S.W.2d 469, 472 (Tex. Crim. App. 1998). In drafting section 31.09, the
legislature did not attach a technical or particular meaning to the phrase “continuing
course of conduct;” thus, we give the words their common meaning. See Tex. Penal
Code Ann. §§ 31.01, 31.09; Sendejo v. State, 676 S.W.2d 454, 456 (Tex. App.—Fort
Worth 1984, no writ). 
          In the instant case, appellant contacted each of the complainants through a third
party and personally offered to sell them merchandise at a discounted price. In each
case, appellant explained that he could offer a reduced price because he had acquired
the goods from a grocery store that was closing down. Also, in all of the transactions,
appellant only agreed to take cash prior to the exchange. Furthermore, all of the
transactions involved the parties meeting outside of a hotel or shopping center and
in each of the thefts, appellant took the money, entered the hotel or shopping center
under the auspices of getting the goods, and never returned. 
          We hold that a rational juror could have found beyond a reasonable doubt that
the thefts were committed pursuant to a “continuing course of conduct” as that phrase
is commonly understood. We further hold that the evidence showing that the thefts
were committed pursuant to a continuing course of conduct is not so obviously weak
as to undermine confidence in the jury’s determination or so greatly outweighed by
contrary proof as to indicate that a manifest injustice has occurred.
          We overrule appellant’s first point of error. 
D. Aggregation Into One Crime
           In his second point of error, appellant contends that the evidence was legally
and factually insufficient to show that the thefts constituted one crime. However, as
we have noted above, when thefts are aggregated under section 31.09, they become
one crime with each individual theft constituting an element of the aggregated theft. 
Tex. Penal Code Ann. § 31.09; State v. Weaver, 982 S.W.2d 892, 893-94 (Tex.
Crim. App. 1998); Dickens, 981 S.W.2d at 188. Having found that the thefts
constituted a continuing course of conduct under section 31.09, we further conclude
that the thefts constituted one crime as well.  
          We hold that the thefts for which appellant was convicted constituted one crime
pursuant to section 31.09. 
          We overrule appellant’s second point of error.
 
 
 
 
                     
CONCLUSION 
          We affirm the judgment of the trial court. 
 
 

                                                             Laura Carter Higley
                                                             Justice
 
Panel consists of Justices Taft, Hanks, and Higley.
Do not publish. Tex. R. App. P. 47.2(b).