JIM FOREMAN v. THE STATE.

No. 13252.  Delivered April 16, 1930.
Rehearing denied June 4, 1930.
Reported in 28 S. W. (2d) 560.

The opinion states the case.

*L. W. Shepperd* and *Wm. Kennedy,* both of Groesbeck, for appellant.

*A. A. Dawson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—The conviction is for the manufacture of intoxicating liquor; punishment, two years in the penitentiary.

The facts in the case amply support the judgment.  The only bill of exception in the record complains of the overruling of the motion for new trial.  Said motion sets up no error other than those alleged to have occurred during the trial.  No matters of misconduct or newly discovered evidence or anything of that kind were alleged.  The testimony need not be set out.

The judgment will be affirmed.

*Affirmed.*

ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant claims the facts are identical with those in Allen v. State, 20 S. W. (2d) 1056, which were held insufficient.  In this case officers discovered appellant and one Wilke at a still which was in operation.  They were sitting on a log about ten steps from the still.  Both of them ran when the officers were discovered.  When the officers started to burn up the still appellant

claimed a coat which he had left lying on the log where he and Wilke were sitting. It was not shown upon whose land the still was located, but it was between Robison's place, for whom appellant worked, and the place where Wilke lived. In Allen's case (supra) he explained his presence at the still claiming it belonged to others and that he was there only engaging in a dice game. In the present case there is evidence which would explain appellant's presence at Wilke's house, and why they left there together, but there is no evidence explanatory of their presence at the still which would be consistent with innocence. The parties lived nearby and were the only ones about the still. We feel unauthorized to hold that the circumstances were not sufficient to demand the submission of the case to the jury, nor to hold the facts insufficient to sustain the verdict.

The motion for rehearing is overruled.

*Overruled.*