Carol **KNIGHT**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 45437.

Court of Criminal Appeals of Texas.

June 7, 1972.

———◆———

Foreman & DeGuerin, by Dick DeGuerin, Houston, for appellant.

Carol S. Vance, Dist. Atty., and James C. Brough and James C. Larkin, Jr., Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

I. On motion of the State, the indictment charging appellant with murder with malice aforethought was reduced to murder without malice.

## OPINION

DAVIS, Commissioner.

This is an appeal from a conviction of murder without malice.[1] The appellant, after being duly admonished, entered a plea of guilty before the court and punishment was assessed at three years.

Appellant contends the evidence is insufficient to support the conviction.

Appellant made the following judicial admission in writing which was introduced into evidence:

"On November 26, 1969, in Harris Co., Texas, I, Carol Knight, did without malice aforethought kill James Edward Knight by shooting him with a gun."

A judicial confession is sufficient to support the conviction under Art. 1.15, Vernon's Ann.C.C.P. East v. State, Tex. Cr.App., 476 S.W.2d 292; Tyler v. State, Tex.Cr.App., 476 S.W.2d 291; Soto v. State, Tex.Cr.App., 456 S.W.2d 389

Appellant contends that his confession is insufficient to establish corpus delecti unless corroborated by independent evidence Corroboration is not required of a judicial confession and it alone is sufficient to sustain a conviction. Alvarez v. State, Tex.Cr.App., 374 S.W.2d 890.

In view of our holding that the judicial confession is sufficient to support the conviction, we need not pass upon appellant's contention that the oral stipulation offered by the State was not authorized and cannot be considered in judging the sufficiency of the evidence.

The judgment is affirmed.

Opinion approved by the court.