Jerry ROSENKRANS, Appellant,

v.

The STATE of Texas, Appellee.

No. 3–88–019–CR.

Court of Appeals of Texas,
Austin.

Oct. 5, 1988.

Robert Icenhauer–Ramirez, Austin, for appellant.

Ronald Earle, Dist. Atty., Terrence Keel, Asst. Dist. Atty., Austin, for appellee.

Before POWERS, GAMMAGE and ABOUSSIE, JJ.

PER CURIAM.

On October 27, 1986, appellant entered a plea of no contest to an indictment charging him with possession of less than 28 grams of morphine, a controlled substance. Tex.Rev.Civ.Stat.Ann. art. 4476–15, § 4.04 (Supp.1988). The district court found that the evidence substantiated appellant's guilt but, in accordance with a plea bargain agreement, adjudication of guilt was deferred and appellant was placed on probation for three years. On April 22, 1987, after a hearing on the State's motion, the district court revoked probation, adjudicated guilt, and assessed punishment at imprisonment for twenty years and a $5,000 fine.

In his only point of error, appellant contends the State failed to prove that his possession of the controlled substance was intentional or knowing. Tex.Code Cr.P. Ann. art. 1.15 (1977). The State, citing the proviso to Tex.Code Cr.P.Ann. art. 44.02 (1979), argues that appellant may not raise this point of error because he did not ob-

tain the permission of the trial court to do so. *See Morris v. State,* 749 S.W.2d 772 (Tex.Cr.App.1986).

The proviso to art. 44.02 on which the State relies was repealed by order of the Court of Criminal Appeals effective September 1, 1986. *See* list of repealed statutes, Tex.R.App.P.Ann. (Supp.1988). The scope of an appeal following a bargained plea of guilty or no contest is now governed by Rule 40(b), which implicitly requires the trial court's permission to appeal "a nonjurisdictional defect or error that occurred prior to entry of the plea" and that was not the subject of a written pretrial motion. This is a narrower limitation on the right to appeal than previously imposed by the art. 44.02 proviso, which required the trial court's permission to appeal any matter not the subject of a pretrial motion. The alleged error of which appellant complains occurred after entry of the plea, and under Rule 40(b) may be raised without the trial court's permission. We conclude that the point of error is properly before this Court.[1]

To meet its obligation under art. 1.15, the State offered the following stipulation:

> Mr. Doty [prosecutor]: Your Honor, we're stipulating that Jerry Wayne Rosenkrans on or about the 12th day of December of 1986 in Travis County, Texas, did then and there knowingly and intentionally possess a controlled substance, namely: morphine, in an amount of less than 28 grams by actual weight including any adulterants and dilutants. And that if Officer Bobby Urbanovsky were to come in and testify, that he would testify that the substance that was in Mr. Rosenkrans' possession was, in fact, morphine in an amount of less than 28 grams by aggregate weight. And also that if Officer Ed Balagia were to testify in this cause, he would testify that Jerry Wayne Rosenkrans was in possession of the substance that was later determined to be morphine.
>
> The Court: Is the stipulation including the offense date of September the 12th, 1986, here in Travis County?
>
> Mr. Doty: Yes, Your Honor.
>
> Mr. Forsythe [defense counsel]: Your Honor, without agreeing to the truth of what the District Attorney says, we'll agree and stipulate that if the officers and the witnesses that he's named were called to testify, they would be properly qualified and they would testify to the facts that he's laid out.
>
> The Court: And, Mr. Rosenkrans, you've heard the proposed stipulation by the State and the stipulation as agreed to by your attorney, and do you agree that the officers would so testify if they were present under oath?
>
> The Defendant: Yes, sir.
>
> The Court: All right, the stipulation then, will be received.

It is appellant's argument that the statement by defense counsel quoted above limited the stipulation so as to include only those facts expressly attributed to the two named police officers, which are not sufficient to infer a culpable mental state. We do not agree.

In his statement to the court, defense counsel indicated that appellant did not concede the truth of the facts stipulated, a position consistent with the plea of no contest. However, counsel agreed that the State's witnesses would testify to "the facts that he's [the prosecutor] laid out." The facts "laid out" by the prosecutor include the fact that appellant knowingly and intentionally possessed the morphine. We find the stipulated evidence sufficient.

The judgment of conviction is affirmed.

---

1. Even if the error complained of were one which occurred prior to entry of the plea, the trial court's permission to appeal (or a pretrial motion) would not be required in this case because the punishment assessed after the trial court adjudicated guilt exceeds that agreed to by appellant as part of the plea bargain. That appellant originally received the deferred adjudication he bargained for is irrelevant because, by statute, the appeal must proceed as if the adjudication of guilt was not deferred. Tex. Code Cr.P.Ann. art. 42.12, § 3d(b) (Supp.1988).