ACCEPTED
03-15-00096-CR
4624542
THIRD COURT OF APPEALS
AUSTIN, TEXAS
3/24/2015 3:32:14 PM
JEFFREY D. KYLE
CLERK

**No. 03-15-00096-CR**
**IN THE**
**COURT OF APPEALS**
**OF THE THIRD SUPREME JUDICIAL DISTRICT**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
3/24/2015 3:32:14 PM
JEFFREY D. KYLE
Clerk

_____

WALTER LEE SCOTT, JR.,
Appellant,

v.

STATE OF TEXAS

_____

Appeal in Cause No. 73759
in the 264th District Court of
Bell County, Texas

_____

**BRIEF FOR APPELLANT WALTER LEE SCOTT, JR.**

_____

JOHN A. KUCHERA
210 N. 6th St.
Waco, Texas 76701
(254) 754-3075
(254) 756-2193 (facsimile)
SBN 00792137
johnkuchera@210law.com
Attorney for Appellant

## Identity of Judge, Parties, and Counsel

Honorable Martha J. Trudo, 264th District Court, P.O. Box 324, Belton, Texas 76513; Trial Judge

Fred Burns, Assistant District Attorney, Bell County, Texas, P.O. Box 540, Belton, Texas 76513; State's Trial Counsel

Bradford Glendening, 100 West Central Texas Expressway, Suite 309, Harker Heights, Texas 76548, Appellant's Trial Counsel

Bob D. Odom, Assistant District Attorney, P.O. Box 540, Belton, Texas 76513, State's Appellate Counsel

John A. Kuchera, 210 N. 6th St., Waco, Texas, 76701, Appellant's Appellate Counsel

Walter Lee Scott, Jr., Appellant, TDCJ # 01980532, Joe F. Gurney Unit, 1385 FM 3328, Palestine, TX 75803

# Table of Contents

**Page**

Identity of Parties and Counsel                                    ii

Table of Contents                                                  iii-iv

Index of Authorities                                               v-x

Issues Presented                                                   xi

Statement of the Case                                              2

Statement of Facts                                                 2-3

Summary of the Argument                                            4

Argument and Authorities

  **1.** The trial court erred in accepting Scott's guilty plea because the         5-25
State's supporting the plea was insufficient to satisfy article 1.15 of
the Code of Criminal Procedure.

  *(a) Assault against a family member by strangulation*          5
  *(b) Scott's plea papers*                                       5-6
  *(c) Article 1.15 and standard of review*                       6-8
  *(d) Article 1.15 methods of proof*                             8
  *(e) Defendant's sworn written statement admitting his culpability or*         8-9
    *acknowledging that allegations in the charging instrument are*
    *true and correct*
  *(f) Defendant may testify under oath in open court admitting his*             10-12
    *culpability or acknowledging that allegations in the charging*
    *instrument are true and correct*
  *(g) Defendant consents to proffer of evidence in documentary form*          12-15
  *(h) Defendant consents to an oral or written stipulation of what*            15-20
    *evidence against him would be*
  *(j) Jones v. State*                                            20-24
  *(k) Only evidence from the guilty plea proceeding can cure article*          24-25
    *1.15 proof deficiencies*
  *(l) Summary*                                                   25

iii

**2.** Alternatively, assuming *arguendo* that Scott's sentencing evidence can be used to satisfy article 1.15, the evidence failed to establish that he committed the charged offense.    26-28

*(a) Article 1.15 and sentencing/punishment evidence*    26
*(b) Scott's charging instrument*    26-27
*(c) Sentencing testimony*    27-28

**3.** Alternatively, the record does not contain a factual basis to support the trial court's order of restitution.    28-30

*(a) Standard of review*    28-29
*(b) Article 42.037*    29-30
*(c) Analysis*    30

**4.** Alternatively, the written judgment should be corrected to reflect that Scott did not plead guilty pursuant to a plea bargain.    30-31

Prayer for Relief    31

Certificate of Service    32

Certificate of Compliance    33

# Table of Authorities

**Page(s)**

**Cases**

*Alexander v. State*,
   No. 03-95-00362-CR, 1997 WL 45127 (Tex.App.—Austin Feb. 6,
   1997, pet. ref'd) (unpublished) ..................................................................24

*Anzaldua v. State*,
   No. 07-11-00253-CR, 2012 WL 1718053 (Tex.App.—Amarillo
   May 16, 2012, pet. ref'd) ...........................................................................5

*Augillard v. Madura*,
   257 S.W.3d 494 (Tex.App.—Austin 2008, no pet.)....................................14

*Ayers v. Target Nat. Bank*,
   No. 14-11-00574-CV, 2012 WL 3043043 (Tex. App.—Houston
   [14th Dist.] July 26, 2012, no pet.) ...........................................................12

*Baggett v. State*,
   342 S.W.3d 172 (Tex.App. – Texarkana 2011, no pet.)...............................6

*Beaty v. State*,
   466 S.W.2d 284 (Tex. Crim. App. 1971) ....................................................9

*Bender v. State*,
   758 S.W.2d 278 (Tex. Crim. App. 1988) ....................................................8

*Bisby v. State*,
   907 S.W.2d 949 (Tex.App.—Fort Worth 1995, pet. ref'd)........................23

*Brewster v. State*,
   606 S.W.2d 325 (Tex. Crim. App. 1980) ..................................................18

*Campbell v. State*,
   5 S.W.3d 693 (Tex. Crim. App. 1999) ................................................28, 29

*Chavis v. State*,
   No. 08-10-00025-CR, 2011 WL 3807747 (Tex.App.—El Paso
   Aug. 26, 2011, pet. ref'd) (unpublished) ....................................................9

*Chindaphone v. State*,
241 S.W.3d 217 (Tex.App.—Fort Worth 2007, pet. ref.) ...................................9

*Cole v. State*,
839 S.W.2d 798 (Tex. Crim. App. 1990) ........................................................13

*Degay v. State*,
455 S.W.2d 205 (Tex. Crim. App. 1970) ..........................................................9

*Dinnery v. State*,
592 S.W.2d 343 (Tex. Crim. App. 1979) ........................................................22

*Ernst v. Child & Youth Servs.*,
108 F.3d 486 (3d Cir. 1997) ...........................................................................13

*Figueroa v. State*,
250 S.W.3d 490 (Tex.App.—Austin 2008, pet. ref'd) .....................................31

*Garza v. State*,
996 S.W.2d 276 (Tex.App.—Dallas, pet. ref'd)...............................................13

*Gonzalez v. State*,
117 S.W.3d 831 (Tex. Crim. App. 2003) ........................................................28

*Hammond v. State*,
470 S.W.2d 683 (Tex. Crim. App. 1971) ........................................................17

*Hanna v. State*,
426 S.W.3d 87 (Tex. Crim. App. 2014) .....................................................28, 30

*Hatton v. State*,
No. 03-06-00453-CR, 2007 WL 924741 (Tex.App.—Austin Mar.
27, 2007, pet. ref'd, untimely filed)................................................................26

*Hill v. State*,
No. 07-10-00281-CR, 2010 WL 4478389 (Tex.App. – Amarillo
Aug. 31, 2011, pet. ref'd) (mem. op., not designated for
publication) ....................................................................................................26

*Idowu v. State*,
73 S.W.3d 918 (Tex. Crim. App. 2002) ..........................................................29

*Jackson v. State*,
139 S.W.3d 7 (Tex.App.—Fort Worth 2004, pet. ref'd)....................................14

*Jones v. State*,
373 S.W.3d 790 (Tex.App.—Houston [14th Dist.] 2012, no pet.) ...................26

*Jones v. State*,
857 S.W.2d 108 (Tex.App.—Corpus Christi 1993, no pet.).........................20, 23

*Killion v. State*,
503 S.W.2d 765 (Tex. Crim. App. 1973) ........................................................9

*King v. State*,
No. 12-12-00020-CR, 2013 WL 2407198 (Tex.App.—Tyler May
31, 2013, no pet.) .......................................................................................10

*Knight v. State*,
481 S.W.2d 143 (Tex. Crim. App. 1972) ...........................................12, 19, 21

*Lambert v. Lambert*,
No. 05-08-00397-CV, 2009 WL 1493009 (Tex.App.—Dallas May
29 2009, no pet.) ........................................................................................14

*Ex parte Martin*,
747 S.W.2d 789 (Tex. Crim. App.1988) .........................................................7

*Martin v. State*,
874 S.W.2d 674 (Tex. Crim. App. 1994) .......................................................29

*McClain v. State*,
730 S.W.2d 739 (Tex. Crim. App. 1987) .........................................................6

*Menefee v. State*,
287 S.W.3d 9 (Tex. Crim. App. 2009) .................. 6, 8, 10, 11, 17, 20, 21, 24, 25

*Messer v. State*,
729 S.W.2d 694 (Tex. Crim. App. 1986) .......................................................16

*Miller v. State*,
343 S.W.3d 499 (Tex.App.—Waco 2011, pet. ref'd) ......................................30

*Moore v. State*,
371 S.W.3d 221 (Tex. Crim. App. 2012) .......................................................29

*Potts v. State*,
571 S.W.2d 180 (Tex. Crim. App. 1978) ....................................................20, 22

*Pritchett v. State*,
733 S.W.2d 661 (Tex.App.—San Antonio 1987, no pet.) ...............................16

*Rodriguez v. State*,
442 S.W.2d 376 (Tex. Crim. App. 1968) ..............................................20, 22, 25

*Rosenkrans v. State*,
758 S.W.2d 388 (Tex.App.—Austin 1988, pet. ref'd) .....................................15

*Scott v. State*,
80 S.W.3d 184 (Tex.App.—Waco 2002, pet. ref'd) .........................................24

*Sexton v. State*,
476 S.W.2d 320 (Tex. Crim. App. 1972) ..............................................10, 19, 22

*Shahar v. Bowers*,
120 F.3d 211 (11th Cir. 1997) ..........................................................................13

*Smith v. State*,
422 S.W.2d 475 (Tex. Crim. App. 1968) .....................................................15, 16

*Soto v. State*,
456 S.W.2d 389 (Tex. Crim. App. 1970) ..........................................9, 12, 19, 21

*Sprinkle v. State*,
456 S.W.2d 387 (Tex. Crim. App. 1970) .................................................16, 18, 21

*Stewart v. State*,
12 S.W.3d 146 (Tex.App. – Houston [1st Dist.] 2000, no pet.).........................26

*Stone v. State*,
919 S.W.2d 424 (Tex. Crim. App. 1996) .......................................................7, 18

*Stone v. State*,
919 S.W.2d 4245 (Tex. Crim. App. 1996) .......................................................15

*Thornton v. State*,
601 S.W.2d 340 (Tex. Crim. App. 1980) .........................................................7

*United States v. Escandar*,
465 F.2d 438 (5th Cir. 1972) ......................................................................23

*United States v. Fiore*,
443 F.2d 112 (2d Cir. 1971) .......................................................................24

*United States v. Garland*,
991 F.2d 328 (6th Cir. 1993) ......................................................................14

*United States v. Hawkins*,
76 F.3d 545 (4th Cir. 1996) ...................................................................13, 24

*United States v. Neil*,
964 F.Supp. 438 (D.D.C. 1997) ..................................................................13

*Vandyne v. State*,
No. 10-07-00328-CR, 2009 WL 1478699 (Tex.App. – Waco May
27, 2009, no pet.) (mem. op., not designated for publication) ........................26

*Waage v. State*,
456 S.W.2d 388 (Tex. Crim. App. 1970) ..................................................18, 21

*Ex parte Williams*,
703 S.W.2d 674 (Tex. Crim. App. 1986) .......................................................7

*Young v. State*,
8 S.W.3d 656 (Tex. Crim. App. 2000) ...........................................................7

**Statutes**

Tex. Crim. Proc. Code Ann. art. 1.15
.............................. 5, 6, 7, 8, 9, 10, 11, 12, 15, 16, 17, 18, 20, 21, 22, 24, 25, 26

Tex. Crim. Proc. Code Ann. art. 1.17 .........................................................23

Tex. Crim. Proc. Code Ann. art. 42.037(a)..................................................29

Tex. Crim. Proc. Code Ann. art. 42.037(b)(1)(B) ........................................30

Tex. Crim. Proc. Code Ann. art. 42.037(b)(2)(A) ........................................30

Tex. Crim. Proc. Code Ann. art. 42.037(k) .................................................30

Tex. Fam. Code Ann. § 71.005....................................................................28

Tex. Penal Code Ann. § 22.01(b)(2)...........................................................................28

Tex. Penal Code Ann. § 22.01(b)(2)(B) ....................................................................5

## Other Authorities

Tex. Const. art. I, § 5..........................................................................................23, 24

Fed. R. Evid. 603 ..................................................................................................23

Tex. R. App. P. 43.2 (b) .........................................................................................31

Tex. R. Evid. 201(a)...............................................................................................13

Tex. R. Evid. 603 ..................................................................................................23

Black's Law Dictionary (6th ed. 1990) ............................................................8, 9, 12

## Issues Presented

1.  Whether the trial court erred in accepting Scott's guilty plea, given that the State's evidence supporting the plea was insufficient to satisfy article 1.15 of the Code of Criminal Procedure.

2.  Alternatively, assuming *arguendo* that Scott's sentencing evidence can be used to satisfy article 1.15, whether that evidence established that he committed the charged offense.

3.  Alternatively, whether the record contains a factual basis to support the trial court's order of restitution.

4.  Alternatively, whether the written judgment should be corrected to reflect that Scott did not plead guilty pursuant to a plea bargain.

**IN THE**

**COURT OF APPEALS**

**OF THE THIRD SUPREME JUDICIAL DISTRICT**

_____

WALTER LEE SCOTT, JR.,
    Appellant,


  v.                                      **No. 03-15-00096-CR**


STATE OF TEXAS


_____

Appeal in Cause No. 73759
in the 264th District Court of
Bell County, Texas

_____

### BRIEF OF APPELLANT WALTER LEE SCOTT, JR.

_____

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

NOW COMES WALTER LEE SCOTT, JR., Appellant, by and through undersigned counsel, and submits this brief pursuant to the provisions of the Texas Rules of Appellate Procedure.

1

## Statement of the Case

On December 19, 2014, Walter Lee Scott, Jr. ("Scott") was charged by information with the third degree felony offense of assault of a family member by strangulation. CR 4. The same day, Scott purportedly entered an open plea of guilty to the charged offense. 2 RR 6. The trial court accepted the plea, withheld a finding of guilt, and ordered preparation of a presentence investigation report. 2 RR 7.

On January 29, 2015, the trial court sentenced Scott to five years in prison, $50 restitution and a $750 fine. 3 RR 1, 9.

The trial court certified Scott's right to appeal. CR 24. Scott timely filed his notice of appeal January 30, 2015. CR 29. Trial counsel was allowed to withdraw and undersigned counsel was appointed to represent Scott on appeal. CR 30-34, 39.

## Statement of Facts

Scott's guilty plea colloquy included the following exchanges, during which time Scott was not placed under oath:

Court: Mr. Scott, you're proceeding on an information filed this morning that charges you with the offense of assault on a family member which is a third degree felony, punishable by two to ten years in the penitentiary, with a fine up to $10,000, plus any court costs, attorney's fees and restitution. You understand that?

Scott: Yes, ma'am.

2 RR 4-5.

Court: To the offense in the information, how do you plead?

2

Scott:  I plead guilty.

2 RR 6.

Court:  I'll accept the defendant's plea of guilty.

State:  State will ask the Court take judicial notice of the Court's file that includes the plea paperwork and the defendant's signed Judicial Confession.

Court:  I will.

State:  State rests.

Court:  I find the evidence sufficient to find you guilty.  I'll withhold a finding of guilt [and] order a PSI.

2 RR 7.

## Summary of the Argument

**First issue:** Because Scott's plea papers were unsworn, they were not competent evidence to satisfy the State's burden under article 1.15. The trial court did not place Scott under oath during his purported guilty plea. Furthermore, although he pled guilty, he never affirmed that the allegations in the information were true. Thus, his oral statements were not competent evidence to satisfy the State's burden under article 1.15, and the State presented no other evidence during the plea proceeding to cure the article 1.15 deficiencies.

**Second issue:** Assuming that Scott's sworn testimony from the sentencing hearing can be considered in curing article 1.15 deficiencies, that testimony fails to satisfy the elements of the charged offense.

**Third issue:** The State put on no evidence to establish a factual basis for the trial court's restitution order.

**Fourth issue:** The written judgment indicates that Scott entered his guilty plea pursuant to a plea bargain. He did not – his plea was an open plea.

4

## Argument and Authorities

**1.  The trial court erred in accepting Scott's guilty plea because the State's evidence supporting the plea was insufficient to satisfy article 1.15 of the Code of Criminal Procedure.**

*(a) Assault against a family member by strangulation*

The elements of the charged offense as alleged in the information are as follows:  (1) Scott (2) intentionally, knowingly, or recklessly (3) caused bodily injury (4) to Kassandra Holt, (5) a member of Scott's family or household (6) by intentionally, knowingly, and recklessly impeding the normal breathing or circulation of the blood of Kassandra Holt by applying pressure to the throat or neck of Kassandra Holt.  See Tex. Penal Code Ann. § 22.01(b)(2)(B) (West Supp. 2014); *Anzaldua v. State,* No. 07-11-00253-CR, 2012 WL 1718053, at \*3 (Tex.App.—Amarillo May 16, 2012, pet. ref'd) (mem. op., not designated for publication).

*(b) Scott's plea papers*

The document the State relied upon to satisfy article 1.15 is generic and boiler-plate, and is styled "Written Plea Agreement."  CR 12.  The fill-in-the-blank "Judicial Confession" includes the following language:

> Upon my oath I swear my true name is <u>Walter Lee Scott, Jr.</u> and I am <u>24</u> years of age; I have read the indictment or information filed in this case and I committed each and every act alleged therein, except those acts waived by the State.  All facts alleged in the indictment or

information are true and correct. I am guilty of the instant offense as well as all lesser included offenses. All enhancement and habitual allegations set forth in the indictment or information are true and correct, except those waived by the State. . . . All other affirmative findings *to be made* by the Court pursuant to this Written Plea Agreement are true and correct.[1] I swear to the truth of all the foregoing and further, that all testimony I give in the case will be the truth, the whole truth and nothing but the truth, so help me God.

Walter Lee Scott, Jr.

CR 17. Notwithstanding the "I swear under oath" language in Scott's plea papers, no jurat is to be found anywhere therein. Furthermore, no sworn testimony was taken during Scott's guilty plea proceeding.

*(c) Article 1.15 and standard of review*

"A conviction rendered without sufficient evidence to support a guilty plea constitutes trial error." *Menefee v. State,* 287 S.W.3d 9, 14 (Tex. Crim. App. 2009). Article 1.15 is a mandatory statute; therefore failure to object to noncompliance with article 1.15 does not forfeit or waive error. *McClain v. State,* 730 S.W.2d 739, 742 (Tex. Crim. App. 1987) (en banc); *see Baggett v. State,* 342 S.W.3d 172, 175 (Tex.App. – Texarkana 2011, no pet.) ("We find this statutory directive falls within the absolute or systemic requirement category[.]"). Article 1.15, in its entirety, provides as follows:

---

[1] Here the signatory is apparently agreeing to findings that do not exist at the time of signing.

6

No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless the defendant, upon entering a plea has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, *however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same.* The evidence may be stipulated if the defendant in such a case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause. (emphasis added)

Tex. Crim. Proc. Code Ann. art. 1.15 (West 2005). Because a plea of guilty is an admission of guilt to the offense charged, the state is required to introduce evidence that "embraces every essential element of the offense charged." *Stone v. State,* 919 S.W.2d 424, 427 (Tex. Crim. App. 1996). This requirement ensures sufficient proof to support the judgment. *Young v. State,* 8 S.W.3d 656, 660–61 (Tex. Crim. App. 2000); *Ex parte Williams,* 703 S.W.2d 674, 678 (Tex. Crim. App. 1986); *Thornton v. State,* 601 S.W.2d 340, 347 (Tex. Crim. App. 1980) (op. on reh'g). The supporting evidence the State offers does not have to prove the defendant's guilt beyond a reasonable doubt. *See Ex parte Martin,* 747 S.W.2d 789, 792 (Tex. Crim. App.1988). The remedy for insufficient evidence in the context of article 1.15 is reversal of the

conviction and remand for a new trial. *Bender v. State,* 758 S.W.2d 278, 280-81 (Tex. Crim. App. 1988).

*(d) Article 1.15 methods of proof*

In *Menefee v. State,* 287 S.W.3d 9 (Tex. Crim. App. 2009), the Court of Criminal Appeals listed the following methods by which evidence may be adduced to support a guilty plea (so long as the method covers all of the elements of the charged offense) in an article 1.15 proceeding:

- Defendant's sworn written statement admitting his culpability or acknowledging that allegations in the charging instrument are true and correct;
- Defendant may testify under oath in open court admitting his culpability or acknowledging that allegations in the charging instrument are true and correct;
- Defendant consents to proffer of evidence;
- Defendant consents to an oral or written stipulation of what the evidence against him would be.

*Id.* at 13. In the instant case, the State failed to satisfy any of these methods.

*(e) Defendant's sworn written statement admitting his culpability or acknowledging that allegations in the charging instrument are true and correct*

To "swear" means "to become bound by an oath duly administered." Black's Law Dictionary 1448 (6th ed. 1990). A jurat is the "[c]ertificate of officer or person

8

before whom writing was sworn to." Black's Law Dictionary 852 (6th ed. 1990). A sworn statement must therefore be sworn before a district clerk. *See Soto v. State,* 456 S.W.2d 389, 390 (Tex. Crim. App. 1970) (Onion, J., concurring) (A written judicial confession must be sworn to.); *Killion v. State,* 503 S.W.2d 765, 766 (Tex. Crim. App. 1973) (Written stipulations wherein defendant acknowledged his guilt constituted proper article 1.15 evidence because they were sworn before a deputy district clerk); *Degay v. State,* 455 S.W.2d 205, 206 (Tex. Crim. App. 1970) (An admission is not a "sworn" admission unless it is "sworn to before the district clerk by the [defendant] personally[.]"); *Chindaphone v. State,* 241 S.W.3d 217, 223 (Tex.App.—Fort Worth 2007, pet. ref.) (defendant's written confession was sworn to before a deputy district clerk); *Chavis v. State,* No. 08-10-00025-CR, 2011 WL 3807747 at *6 (Tex.App.—El Paso Aug. 26, 2011, pet. ref'd) (unpublished) ("The statement was sworn before a deputy district clerk. This statement amounts to a judicial confession and is sufficient to support the guilty plea.").

Scott's written "judicial confession" was unsworn and therefore constitutes no evidence to support his guilty plea. *See Beaty v. State,* 466 S.W.2d 284, 286 (Tex. Crim. App. 1971) ("[T]he only written statement of documentary evidence offered was the unsworn extrajudicial written confession of the appellant which is to be distinguished from a judicial confession."). Additionally, the actual charging language from Scott's information appears nowhere in his plea papers.

*(f) Defendant may testify under oath in open court admitting his culpability or acknowledging that allegations in the charging instrument are true and correct*

First, as noted above, the trial court did not place Scott under oath at the time he purportedly entered his guilty plea.[2] *See King v. State,* No. 12-12-00020-CR, 2013 WL 2407198 at *6 (Tex.App.—Tyler May 31, 2013, no pet.) (mem. op., not designated for publication) (Defendant's plea colloquy did not constitute a judicial confession, in part because "[t]he record does not show that [he] was placed under oath prior to the guilty plea hearing."); *Cf. Sexton v. State,* 476 S.W.2d 320, 321 (Tex. Crim. App. 1972) (Defendant's admission constituted a "judicial admission" because he was sworn in as a witness).

Second, the fact that Scott pled guilty to the information was not, in and of itself, an admission that the facts alleged in the information were true, and was therefore insufficient evidence to satisfy article 1.15. *Menefee v. State,* 287 S.W.3d 9 (Tex. Crim. App. 2009) provides instruction regarding what is required for the defendant's sworn testimony to satisfy article 1.15. The defendant therein purportedly pled guilty to the offense of possession of cocaine with intent to deliver. However, the written stipulation of evidence did not include the element of

---

[2] Scott's plea papers include the following provision: "I give up and waive my right not to incriminate myself, and agree to testify under oath and judicially confess my guilt *if* requested by my attorney or the State's attorney[.]" CR 15.

possession.  *Id.* at 10-11.  Despite this deficiency, the Tyler Court of Appeals found that the following colloquy constituted sufficient independent evidence of the defendant's guilt to make up for the deficiency in the written stipulation:

> Court:  Mr. Menefee, in your case the grand jury returned an enhanced first degree felony charge of possession of a controlled substance with intent to deliver.  The range of punishment on that particular charge is no less than 15 years and up to 99 years or life in the penitentiary and up to a [ten] thousand dollar fine.  You understand that's the range of punishment?
>
> Defendant:  Yes, sir.
>
> Court:  Knowing that that's the range of punishment, the paperwork that's been provided to me indicates that you've decided to enter an open plea of guilty in relation to that particular charge and leave it to the Court to decide what type of punishment should be assessed.  Is that correct?
>
> Defendant:  That's correct, Your Honor.
>
> Court:  And to that charge in the indictment as we've just covered how do you plead, guilty or not guilty?
>
> Defendant:  Guilty, Your Honor.

*Menefee,* 287 S.W.3d at 11-12.  The Court of Criminal Appeals disagreed with the Tyler Court:

> [W]e hold that the appellant's sworn affirmation, in response to the trial court's questioning, that he was in fact pleading guilty to the charges in the indictment *does not* constitute a judicial confession and does not otherwise supply evidence, in whole or in part, sufficient to support the plea under Article 1.15.  A guilty plea entered under oath is still just a guilty plea.  It does not provide independent evidence to substantiate the defendant's guilt.  (emphasis added)

*Id.* at 17-18.

In contrast, the following judicial admissions from other cases were deemed sufficient to satisfy article 1.15 because they admitted to facts in support of the elements of the charged offense: "On November 26, 1969, in Harris Co., I Carol Knight, did without malice aforethought kill James Edward Knight by shooting him with a gun". *Knight v. State,* 481 S.W.2d 143 (Tex. Crim. App. 1972); "On February 16, 1968 in Harris County, Texas I did unlawfully possess a narcotic drug, to-wit, heroin." *Soto v. State,* 456 S.W.2d 389 (Tex. Crim. App. 1970).

Scott's unsworn plea of guilty to the information did not constitute a judicial admission that he had committed all the acts alleged against him therein.

*(g) Defendant consents to proffer of evidence in documentary form*

A "proffer" is "the production of a document and offer of the same in evidence." Black's Law Dictionary 1210 (6th ed. 1990). *See Ayers v. Target Nat. Bank,* No. 14-11-00574-CV, 2012 WL 3043043 at *4 (Tex. App.—Houston [14th Dist.] July 26, 2012, no pet.) (mem. op., not designated for publication) (Creditor did not proffer the cardholder agreement or any other document establishing agreed terms for the account).

In the instant case, the State asked the district court to take judicial notice of "of the Court's file that includes the plea paperwork and the defendant's signed Judicial Confession." 2 RR 7. The fact that the trial court purported to take judicial

12

notice of Scott's "judicial confession" did not convert the so-called confession into competent evidence to support a guilty plea. Rule 201 of the Texas Rules of Evidence allows a court to take judicial notice of adjudicative facts. Tex. R. Evid. 201(a). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." *Id.* "[T]he taking of judicial notice of facts is, as a matter of evidence law, a highly limited process." *Shahar v. Bowers,* 120 F.3d 211, 214 (11th Cir. 1997). However, the facts set forth in Scott's "judicial confession" are not the sort of facts that come within the purview of Rule 201. *See e.g. Garza v. State,* 996 S.W.2d 276, 279-80 (Tex.App.—Dallas, pet. ref'd) ("We are convinced . . . that assertions made by an individual, even under oath, are not the type of facts that are capable of accurate and ready determination by a source whose accuracy cannot be reasonably be questioned."); *United States v. Hawkins,* 76 F.3d 545, 551 (4th Cir. 1996) (identity of defendant may not be proven by judicial notice)[3]; *United States v. Neil,* 964 F.Supp. 438, 445-46 (D.D.C. 1997) (judicial notice is not appropriate for reasonably available documents that were referred to at trial but never offered into evidence); *Ernst v. Child & Youth Servs.,* 108 F.3d 486,

---

[3]The Texas Rules of Evidence are patterned after the Federal Rules of Evidence and cases interpreting the federal rules should be consulted for guidance as to their scope of applicability. *Cole v. State,* 839 S.W.2d 798, 801 (Tex. Crim. App. 1990).

13

498-99 (3d Cir. 1997) (court did not err by declining to take judicial notice of *contents* of affidavit that had been submitted with defendant's motion for summary judgment; court could take notice of *filing* of affidavit but not its contents); *United States v. Garland,* 991 F.2d 328, 332 (6th Cir. 1993) (judicially noticing existence of criminal judgment in Ghana, but not noticing "the truth of the statements contained in the Ghana judgment because some of these facts may remain in dispute"). When evidence is the subject of improper judicial notice, it amounts to no evidence. *See Augillard v. Madura,* 257 S.W.3d 494, 503 n. 14 (Tex.App.—Austin 2008, no pet.) (trial court's improper taking of judicial notice equated to the record being "devoid of any evidence"); *Jackson v. State,* 139 S.W.3d 7, 21 (Tex.App.—Fort Worth 2004, pet. ref'd) ("[W]hile a court may judicially notice the existence of the affidavit in its file, the court may not take judicial notice of the truth of the factual contents[4] contained in such an affidavit because those facts are not the kinds of facts that a court may judicially notice."); *Lambert v. Lambert,* No. 05-08-00397-CV, 2009 WL

---

[4] Scott's plea papers contain "facts" that are demonstrably untrue. For example, he did not plead pursuant to a plea agreement. However, under "Defense Counsel's Acknowledgement," the plea papers state "It is agreed that the Court may take judicial notice of this Written Plea agreement." CR 18. Then, under "Court's Approval of Agreement," the following sentence appears: "The Court takes judicial notice of this Written Plea Agreement." CR 19. Additionally, the Court's Approval states: "In the event the Defendant has not sworn to a judicial confession, the Court has received sworn testimony and/or a stipulation of evidence sufficient to show that the Defendant is guilty of the offenses beyond a reasonable doubt." CR 19. But as noted herein, no sworn testimony was adduced and no stipulations were offered. Furthermore, Scott's plea papers state "the trial court has admonished of [the] consequences [of my plea] as set out in paragraphs 1 through 14 of the written plea agreement." CR 15. But the trial court *did not* go over the admonishments in paragraphs 9-13 which have to do with deferred adjudication, suspended sentence, parole, preservation of evidence and victim impact statement. CR 13-14.

14

1493009, at * (Tex.App.—Dallas May 29 2009, no pet.) (mem. op., not designated for publication) ("Even though the trial court took judicial notice of its own file, that does not convert the parties' statements contained in court filings into substantive evidence."). Therefore, the trial court's taking judicial notice of Scott's "judicial confession" amounted to a nullity.

> *(h) Defendant consents to an oral or written stipulation of what evidence against him would be*

Article 1.15 stipulations can relate to what a witness would testify to. *Stone v. State,* 919 S.W.2d 4245, 426 (Tex. Crim. App. 1996). *Rosenkrans v. State,* 758 S.W.2d 388 (Tex.App.—Austin 1988, pet. ref'd) provides an example of an oral stipulation in support of a guilty plea:

> [State:] Your Honor, we're stipulating that Jerry Wayne Rosenkrans on or about the 12th day of December 1986 in Travis County, Texas, did then and there knowingly and intentionally possess a controlled substance, namely: morphine, in an amount of less than 28 grams by actual weight including adulterants and dilutants.

*Id.* at 389. *Smith v. State,* 422 S.W.2d 475 (Tex. Crim. App. 1968) provides an example of a written stipulation in support of a guilty plea:

> My name is Hearne Edward Smith. On the 20th day of September; A.D. 1966, I had Nellie B. Allen in a pickup truck which belonged to her with me. Sometime around midnight on the above date, I shot and killed the said Nellie B. Allen with a shotgun. This happened in a cottonfield between Wharton and El Campo in Wharton County, Texas.

15

*Id.* at 476; *See also Messer v. State,* 729 S.W.2d 694, 695 (Tex. Crim. App. 1986) (Parties stipulated that if State were to call its witnesses, they would testify to the facts contained in offense report); *Pritchett v. State,* 733 S.W.2d 661 (Tex.App.—San Antonio 1987, no pet.) (Appellant "orally stipulated to the testimony of officer Robert Sugg adduced during the suppression hearing[.]"); *Sprinkle v. State,* 456 S.W.2d 387 (Tex. Crim. App. 1970) (Stipulated testimony read into the record that if complaining witness were present, he would say "that he saw appellant take a suit of clothing of the value of $120.00 from the display rack and leave the store without paying for it and that the suit was taken without his consent").

In the instant case, despite the fact that Scott purportedly consented "to oral and written stipulations of evidence" in his plea papers, CR 15, the State offered no stipulations that actually included facts that would satisfy the elements of the charged offense.

The State may argue that because Scott's "judicial confession" includes the statement "I have read the . . . information filed in this case and I committed each and every act alleged therein," CR 17, this somehow functions as a written stipulation. The State would be arguing that a document can function as a judicial confession by making reference to facts set forth in another document, in this case, the charging instrument. First, this argument would be at odds with the language of article 1.15 which provides "it shall be necessary for the state to introduce evidence

into the record showing the guilt of the defendant[.]"  Tex. Crim. Proc. Code Ann. art. 1.15 (West 2005).  Scott's "judicial confession" contains no facts that in and of themselves show that he committed the offense of assault against a family member by strangulation on or about November 6, 2014.

Second, the argument would be at odds with *Menefee*, wherein the Court of Criminal Appeals cited nine cases as examples where written or oral proffers/stipulations satisfied article 1.15.  *Menefee*, 287 S.W.3d at 13 n. 16 & n. 17.  In every one of these nine cases, the State introduced facts necessary to satisfy the charged conduct at the guilty plea – never by reference to some other document - to-wit:

> The record further reflects that after the waivers and consents were approved by the court, the state introduced the stipulated testimony of witnesses in each of the cases which established all elements of the offense charged.

*Hammond v. State,* 470 S.W.2d 683 (Tex. Crim. App. 1971).

> The charge is simply possession of hydromorphone unlawfully intentionally and knowingly on August 1, 1978 in Harris County-in Sutton's case only with intent to deliver. The stipulated testimony of Officer Dugger and Lt. Smith did not establish possession of the alleged substance by any appellant for, as already mentioned, exploration of that matter was pretermitted during examination of both witnesses. The stipulated opinion of the chemist that 480 tablets taken from the Cadillac is hydromorphone; his testimony is the only evidence that may be considered fruits of the stop, arrest and search. Putting aside all stipulated testimony of Dugger, Smith and the chemist, we are left with the written stipulation of evidence executed by each appellant and his attorney and approved by the trial court, characterizing it "the same thing as a judicial confession." Again, basically each states that "the

witnesses"-without naming or otherwise identifying them-would testify that on the day and in the place in question each appellant "did intentionally and knowingly possess ... Hydromorphone."

*Brewster v. State,* 606 S.W.2d 325, 328-29 (Tex. Crim. App. 1980).

In the instant case, the stipulated testimony of the witnesses embraced every essential element of the offense charged and was sufficient evidence to establish the guilt of Appellant. As such, it was adequate to support Appellant's plea and the finding of guilt under Art. 1.15.

*Stone v. State*, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996).

The stipulated testimony was that if Paul E. McManus, the alleged injured party, were present he would testify that he was manager of a business house on Gaston Avenue and that he saw the appellant take a suit of clothing of the value of $120.00 from a display rack and leave the store without paying for it and that the suit was taken without his consent. Further, the testimony of J. L. Chadwick was to the effect that he was a member of the Dallas Police Department and that he stopped the appellant in an automobile on the day in question and saw a man's suit which was identified by Paul McManus as the suit that had been stolen.

*Sprinkle v. State,* 456 S.W.2d 387, 388 (Tex. Crim. App. 1970).

The record shows the stipulated testimony of Phil Cook was that he was employed by Skillern's Drug Store on McKinney Avenue; that he saw appellant take eleven bottles of tanning lotion which were exhibited for sale of the value of $37.95; that she left the store without paying for them, and that these items were taken from his possession and without his consent. Appellant testified that she heard the stipulated testimony, and it was substantially true and correct and that she had been previously convicted in the two prior misdemeanor shoplifting cases under the name of Ella Dora Waage as alleged in the indictment.

*Waage v. State*, 456 S.W.2d 388, 389 (Tex. Crim. App. 1970).

It was stipulated that if one of the arresting officers were present he would testify that an informant, from whom he had received reliable

information on numerous occasions, told him that appellant would be walking in the 2300 block of McCardy Street in a few minutes with heroin in his possession, and that the officer did not have time to obtain a warrant for the arrest of appellant. As the two officers approached, appellant took two small packages wrapped in cellophane from his pocket, one of which he threw to the ground and the other he tried to swallow. Appellant was placed under arrest and the cellophane packages taken. It was also stipulated that if the chemist were present he would testify that the chemical analysis of the substance in the cellophane packages proved it to be heroin.

*Soto v. State*, 456 S.W.2d 389, 390 (Tex. Crim. App. 1970).

While the stipulations were oral we observe that the appellant was sworn and made a judicial confession. . . . It is true that appellant was not as thoroughly interrogated as he might have been, but he clearly admitted that all the allegations in both indictments were true and correct.

*Sexton v. State,* 476 S.W.2d 320, 320-21 (Tex. Crim. App. 1972).

Appellant made the following judicial admission in writing which was introduced into evidence: 'On November 26, 1969, in Harris Co., Texas, I, Carol Knight, did without malice aforethought kill James Edward Knight by shooting him with a gun.'

*Knight v. State,* 481 S.W.2d 143 (Tex. Crim. App. 1972).

Appellant's confession in Cause No. F76-863-NJ reads:
"I judicially confess that on the 18 day of December 1975, in Dallas County, Texas, with the intent to deprive the owner, Barney Topporoff, of property, namely, five pantsuits, I did intentionally and knowingly unlawfully exercise control over such property which had a value of at least $200.00 but less than $10,000.00, as charged in the indictment."
Appellant's confession in Cause No. F15-12384-MKJ reads:
"I judicially confess that on the 1 day of November 1975, in Dallas County, Texas, with the intent to deprive the owner, Loretta Anderson, of property, namely, two pantsuits, I did intentionally and knowingly

unlawfully exercise control over such property which had a value of at least $200.00 but less than $10,000.00, as charged in the indictment."

*Potts v. State*, 571 S.W.2d 180, 181 n. 1 (Tex. Crim. App. 1978).

Third, the argument would be at odds with *Rodriguez v. State,* 442 S.W.2d 376 (Tex. Crim. App. 1968), wherein the Court of Criminal Appeals held that stipulated testimony is in fact "substituted testimony" for purposes of article 1.15:

> Article 1.15 is clear and precise; it was an innovation in criminal procedure, and the Legislature was careful to set out in simple language the requirements of stipulated testimony. . . . Knowing the provision of [Old] Art. 12 [C.C.P.], the Legislature added certain requirements the State must follow to use 'substituted' testimony, and particularly when the evidence is stipulated.

*Rodriguez,* 442 S.W.2d at 384-85 (op. on reh'g). Scott's "judicial confession" contains no "substituted testimony" establishing that he committed the offense of assault against a family member by strangulation on or about November 6, 2014.

*(j) Jones v. State*

The State may counter with *Jones v. State,* 857 S.W.2d 108 (Tex.App.— Corpus Christi 1993, no pet.), wherein the Corpus Christi Court held that the defendant's plea papers, entitled "Defendant's Waivers and Judicial Confession" constituted a judicial confession even though not sworn to by the defendant. *Id.* at 110. *Jones* simply cannot be the law. First, it is inconsistent with many Court of Criminal Appeals' opinions. Most recently, in *Menefee v. State,* 287 S.W.3d 9 (Tex.

20

Crim. App. 2009), the Court, while noting that there are multiple ways by which the State can satisfy the evidentiary requirements of article 1.15, made it clear that if the State intends to use the defendant's written statement, that statement must be sworn; and if the State intends to use the defendant's oral statements, he must be sworn in as a witness:

> Alternatively, our case law has recognized that the defendant may enter a *sworn* written statement, or may testify *under oath* in open court, specifically admitting his culpability or at least acknowledging generally that the allegations against him are in fact true and correct; and again, so long as *such a judicial confession* covers all of the elements of the charged offense, it will sufficient to support the guilty plea. (emphasis added)

*Id.* at 13. The footnote following this sentence in *Menefee* cites as authority six court of criminal appeals cases, all but one[5] involving either a sworn confession or testimony given under oath. *Id.* at 13 n. 17. These five cases are *Sprinkle v. State,* 456 S.W.2d 387, 388 (Tex. Crim. App. 1970) ("The appellant was sworn and testified"); *Waage v. State,* 456 S.W.2d 388 (Tex. Crim. App. 1970) ("Appellant testified that she heard the stipulated testimony, and it was substantially true and correct[.]"); *Soto v. State,* 456 S.W.2d 389, 390 (Tex. Crim. App. 1970) ("I concur in the result reached. I would however, make it absolutely clear to the bench and bar that this conviction is being sustained alone upon the basis of the 'judicial

---

[5] In the sixth case, *Knight v. State,* 481 S.W.2d 143 (Tex. Crim. App. (1972), the State introduced into evidence a written stipulation: "On November 26, 1969, in Harris Co., Texas, I Carol Knight, did without malice aforethought kill James Edward Knight by shooting him with a gun."

confession' reduced to writing, *sworn to* and introduced into evidence.") (Onion, J. concurring); *Sexton v. State,* 476 S.W.2d 320 (Tex. Crim. App. 1972) (Appellant was sworn and made a judicial confession); and *Potts v. State,* 571 S.W.2d 180, 181 (Tex. Crim. App. 1978) ("Appellant took the stand and testified.").

In *Dinnery v. State,* 592 S.W.2d 343 (Tex. Crim. App. 1979) (op. on reh'g), the Court concluded that, while the defendant's written "judicial confession" inadequate to comply with article 1.15, when the defendant took the stand, was placed under oath, and testified that the allegations in the indictment were "true and correct," this constituted a judicial confession sufficient to satisfy article 1.15. *Id.* at 352. In support of its holding, the Court cited *Rodriguez v. State*:

> In *Rodriguez v. State,* 375 S.W.2d 289 (Tex.Cr.App. 1964), the defendant on appeal claimed the evidence offered to support his guilty plea to assault with intent to murder with malice was insufficient, and at most, could only sustain a conviction for assault with intent to murder without malice. In *Rodriguez* this court said:
>
>> "*By his own sworn testimony*, appellant admitted that the allegations of the indictment of assault with intent to murder with malice aforethought, were true and correct. This was a *judicial admission* by him that the assault to murder was with malice."
>
> While there was other evidence to support the fact that the offense was committed with malice, it is important to note that his statement *under oath* as to the allegations of the indictment were characterized as and held to constitute a judicial admission. (emphasis added)

*Dinnery,* 592 S.W.2d at 353.

The second reason *Jones* cannot be the law is that it overlooks the fact that when a defendant enters a guilty plea, he becomes a *witness* against himself. *See United States v. Escandar,* 465 F.2d 438, 441 (5th Cir. 1972) (A guilty plea constitutes a waiver of the privilege against compulsory self-incrimination.). Because a defendant is testifying as a witness against himself, the court must accord his testimony the safeguards of witness testimony; i.e., he must be put under oath. Federal Rule of Evidence 603 provides: "Before testifying, a witness must give an oath or affirmation to testify truthfully. It must be in a form designed to impress that duty on the witness's conscience." Fed. R. Evid. 603. Texas Rule 603 reads similarly: "Before testifying, every witness shall be required to declare that the witness will testify truthfully, by oath or affirmation administered in a form calculated to awaken the witness' conscience and impress the witness' mind with the duty to do so." Tex. R. Evid. 603. The Texas rule was modeled after the federal rule. *Bisby v. State,* 907 S.W.2d 949, 954 (Tex.App.—Fort Worth 1995, pet. ref'd). Article 1.17 of the Texas Code of Criminal Procedure provides: "[A]ll oaths and affirmations shall be administered in the mode most binding upon the conscience, and shall be taken subject to the pains and penalties of perjury." Tex. Crim. Proc. Code Ann. art. 1.17 (West 2005). This is a codification of article I, section 5 of the

Texas Constitution. *Scott v. State,* 80 S.W.3d 184, 191 (Tex.App.—Waco 2002, pet. ref'd); Tex. Const. art. I, § 5.

Without the safeguard of an oath in place, the general rule is that unsworn testimony is not competent evidence. *See United States v. Hawkins,* 76 F.3d 545, 551 (4th Cir. 1996) ("[T]estimony taken from a witness who has not given an oath or affirmation to testify truthfully is inadmissible," citing Rule 603 of Federal Rules of Evidence.); *Alexander v. State,* No. 03-95-00362-CR, 1997 WL 45127, at *5 (Tex.App.—Austin Feb. 6, 1997, pet. ref'd) (unpublished) ("As a rule, unsworn testimony is inadmissible and is not legal evidence on which a judgment can be based."); *United States v. Fiore,* 443 F.2d 112, 115 (2d Cir. 1971) ("Wigmore instructs that 'for all testimonial statements made in court the oath is a requisite[.]'").

### (k) Only evidence from the guilty plea proceeding can cure article 1.15 proof deficiencies

The *Menefee* opinion held that article 1.15 proof deficiencies "may be compensated for by other competent evidence in the record." *Menefee,* 287 S.W.3d at 14. However, this sentence from *Menefee* is accompanied by a footnote citing the *Texas Practice Series* which concludes with the following sentence: "The entire *plea proceeding* is examined to determine whether there is substantiation." *Id.* at 14

n. 20. *Menefee* therefore appears to stand for the proposition that evidence in support of a guilty plea can only come from the "plea proceeding" itself.[6]

### (l) Summary

As noted above, Scott entered an unsworn guilty plea and the State asked the court to take judicial notice of the unsworn plea papers. The State offered no other evidence during the guilty plea proceeding. Nothing in Scott's unsworn plea or the plea papers establishes that on or about November 6th, 2014, Scott intentionally, knowingly, or recklessly caused bodily injury to Kassandra Holt, a member of Scott's family or household by intentionally, knowingly, and recklessly impeding the normal breathing or circulation of the blood of Kassandra Holt by applying pressure to the throat or neck of Kassandra Holt. Because the competent evidence adduced during Scott's guilty plea proceeding failed to satisfy article 1.15, his conviction must be vacated.

---

[6] It should also be noted that Judge John F. Onion, Jr. (who wrote the special commentary to article 1.15 following its enactment), citing to the predecessor statutes upon which article 1.15 was based, noted that the evidence satisfying article 1.15 "shall be accepted by the Court *as the basis for its verdict*." *Rodriguez v. State,* 442 S.W.2d 376, 380 (Tex. Crim. App. 1968) (Onion, J., dissenting). This means the evidence must be admitted *before* the judge actually finds he defendant guilty – a further indication that evidence from the later punishment phase should not be considered in determining whether article 1.15 has been satisfied.

**2. Alternatively, assuming *arguendo* that Scott's sentencing evidence can be used to satisfy article 1.15, that evidence failed to establish that he committed the charged offense.**

*(a) Article 1.15 and sentencing/punishment evidence*

Several intermediate appellate courts, including the Austin Court, have held that sentencing/punishment evidence *can* be used to cure article 1.15 deficiencies. *See Jones v. State,* 373 S.W.3d 790, 793 (Tex.App.—Houston [14th Dist.] 2012, no pet.); *Stewart v. State,* 12 S.W.3d 146 (Tex.App. – Houston [1st Dist.] 2000, no pet.); *Hatton v. State,* No. 03-06-00453-CR, 2007 WL 924741 at *2 (Tex.App.—Austin Mar. 27, 2007, pet. ref'd, untimely filed) (mem. op., not designated for publication); *Vandyne v. State,* No. 10-07-00328-CR, 2009 WL 1478699 at *4 (Tex.App. – Waco May 27, 2009, no pet.) (mem. op., not designated for publication); *Hill v. State,* No. 07-10-00281-CR, 2010 WL 4478389 at *2 (Tex.App. – Amarillo Aug. 31, 2011, pet. ref'd) (not designated for publication).

*(b) Scott's charging instrument*

Scott's information reads in pertinent part as follows:

Walter Lee Scott, Jr., on or about the 6th day of November . . . 2014 . . . did hen and there intentionally, knowingly, and recklessly cause bodily injury to Kassandra Holt, a member of the defendant's family OR member of the defendant's household, by intentionally, knowingly,

26

and recklessly impeding the normal breathing or circulation of the blood of the said Kassandra Holt by applying pressure to the throat or neck of the said Kassandra Holt

CR 4.

*(c) Sentencing testimony*

During the sentencing phase, Scott did testify under oath (3 RR 5) as follows:

Defense Counsel: Mr. Scott, you had something you wanted to tell Judge.

Scott:  I just want to let the Judge know that I accept full responsibility for my actions.  And I apologize to the victim and the Court.

3 RR 5-6.

State:  You would agree with me this was a particularly violent assault, wouldn't you?

Scott:  Yes, sir.

State:  Wrapping a belt around a woman's neck?

Scott:  Yes, sir.

State:  Anything you want to say to the Judge about why you would wrap a belt around another human being's neck?

Scott:  There's no good reason.

3 RR 6.

Again, as noted above in subsection 1*(a)*, the State had the burden to put on evidence establishing that Scott:

- intentionally, knowingly, or recklessly
- caused bodily injury to Kassandra Holt,
-  a member of Scott's family or household
- by intentionally, knowingly, and recklessly impeding the normal breathing or

circulation of the blood of Kassandra Holt by applying pressure to the throat or neck of Kassandra Holt.

Nothing in Scott's sworn testimony established that Kassandra Holt was the victim, let alone that she suffered bodily injury, that her normal breathing or circulation was impeded, or that she was a member of Scott's family or household.[7]

### 3. Alternatively, the record does not contain a factual basis to support the trial court's order of restitution.

*(a) Standard of review*

Restitution is a form of punishment. *Hanna v. State,* 426 S.W.3d 87, 91 (Tex. Crim. App. 2014). A trial court's restitution order is reviewed for abuse of discretion. *Campbell v. State,* 5 S.W.3d 693, 696 (Tex. Crim. App. 1999). An abuse of discretion occurs when the trial court's decision is so clearly wrong that it lies outside the "zone of reasonable disagreement." *Gonzalez v. State,* 117 S.W.3d 831,

---

[7] The "family" and household" definitions that apply are found in §§ 71.003 and 71.005 of the Texas Family Code. Tex. Penal Code Ann. § 22.01(b)(2) (West Supp. 2014). Section 71.003 of the Family Code provides:

"'Family' includes individuals related by consanguinity or affinity, as determined under Section 573.022 and 53.024, Government Code, individuals who are former spouses of each other, individuals who are the parents of the same child, without regard to marriage, and a foster child and foster parent, without regard to whether those individuals reside together."

Tex. Fam. Code Ann. § 71.003 (West 2014). Section 71.005 provides:

"'Household' means a unit composed of persons living together in the same dwelling, without regard to whether they are related to each other.

Tex. Fam. Code Ann. § 71.005 (West 2014).

839 (Tex. Crim. App. 2003). Abuse that violates a defendant's right to due process in the context of restitution occurs when a restitution order (1) is not factually supported[8], (2) requires recompense for an offense for which the defendant is not criminally liable, or (3) seeks to recompense an individual who is not the victim of the offense. *Campbell,* 5 S.W.3d at 696-97. A challenge to the sufficiency of the evidence supporting a restitution order may be raised for the first time on appeal. *Moore v. State,* 371 S.W.3d 221, 225-26 (Tex. Crim. App. 2012); *Idowu v. State,* 73 S.W.3d 918, 922 (Tex. Crim. App. 2002).

*(b) Article 42.037*

Article 42.037 of the Code of Criminal Procedure allows a court to order a defendant to "make restitution to any victim of the offense." Tex. Crim. Proc. Code Ann. art. 42.037(a) (West Supp. 2014). Article 42.037 further provides:

> If the offense results in damage to or loss or destruction of property of a victim of the offense, the court may order the defendant . . . to pay an amount equal to the greater of:
>
> (i) the value of the property on the date of the damage, loss, or destruction; or
>
> (ii) the value of the property on the date of sentencing, less the value of any part of the property that is returned on the date the property is returned.

---

[8] *See also Martin v. State,* 874 S.W.2d 674, 676 (Tex. Crim. App. 1994) (due process requires a factual evidentiary basis in the record for the amount of restitution ordered).

Tex. Crim. Proc. Code Ann. art. 42.037(b)(1)(B).

> If the offense results in personal injury to a victim, the court may order the defendant to make restitution to . . . the victim for any expenses incurred by the victim as a result of the offense[.]

Tex. Crim. Proc. Code Ann. art. 42.037(b)(2)(A). The State has the burden to prove the amount of loss the victim sustained as a result of the offense by a preponderance of the evidence. Tex. Crim. Proc. Code Ann. art. 42.037(k); *Hanna,* 426 S.W.3d at 92.

*(c) Analysis*

The entirety of the record regarding restitution is as follows. The trial court orally included "$50 restitution" in Scott's sentence. 3 RR 9. The written judgment says "$50.00 to be paid to Kasandra Holt." CR 26. That's it. Because the State provided no basis whatsoever for this restitution order, the judgment should be modified to delete it. *See Miller v. State,* 343 S.W.3d 499, 503 (Tex.App.—Waco 2011, pet. ref'd) (where order of restitution is not authorized, proper remedy is to delete order from trial court judgment).

**4.  Alternatively, the written judgment should be corrected to reflect that Scott did not plead guilty pursuant to a plea bargain.**

The written judgment, under "Terms of Plea Bargain" states "See Attached Disclosure of Plea Recommendations." CR 26. However, there was no plea bargain

– Scott entered an open plea.  2 RR 6; CR 12.  An appellate court has authority to modify an incorrect judgment when it has the information necessary to do so.  *See* Tex. R. App. P.  43.2 (b); *Figueroa v. State,* 250 S.W.3d 490, 518 (Tex.App.— Austin 2008, pet. ref'd).

## Prayer for Relief

Because the State failed to present sufficient evidence to satisfy article 1.15, Scott prays that his conviction be reversed and the cause remanded for a new trial.

Alternatively, because the State provided no evidentiary basis for the trial court's restitution order, the order should be deleted from the judgment.  Likewise, the judgment should be corrected to reflect that Scott entered an open plea.

Respectfully submitted,
/s/ John A. Kuchera
John A. Kuchera
210 N. 6th St.
Waco, Texas 76701
(254) 754-3075
(254) 756-2193 (facsimile)
SBN 00792137
johnkuchera@210law.com
Attorney for Appellant

## Certificate of Service

This is to certify that a true and correct copy of the above and foregoing Appellant's Brief has this day been mailed to the office of Mr. Bob D. Odom, Assistant District Attorney, P.O. Box 540, Belton, Texas 76513.

SIGNED this 24th day of March, 2015.

/s/ John A. Kuchera
John A. Kuchera,
Attorney for Walter Lee Scott, Jr.

**<u>Certificate of Compliance with Rule 9.4</u>**

1. This brief complies with the type-volume limitation of Tex. R. App. P. 9.4(i) because the brief contains 7,612 words, excluding the parts of the brief exempted by Tex. R. App. P. 9.4(i)(1).


2. This brief complies with the typeface requirements of Tex. R. App. P. 9.4(e) and the type style requirements of Tex. R. App. P. 9.4(e) because the brief has been prepared in a proportionally spaced typeface using Microsoft Word 2013 in Times New Roman, size 14 font.


<u>/s/ John A. Kuchera</u>
John A. Kuchera,
Attorney for Walter Lee Scott, Jr.


Dated: March 24, 2015